

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2007

# Allen v. Susquehanna Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2481

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Allen v. Susquehanna Sch Dist" (2007). *2007 Decisions.* Paper 1227.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1227

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2481

FRANK ALLEN, MARIE ALLEN, FRANK AND MARIE ALLEN AS THE
ADMINISTRATORS AND PERSONAL REPRESENTATIVES OF THE ESTATE OF
JAQUAN RAKEEM ALLEN,

Appellants

v.

SUSQUEHANNA TOWNSHIP SCHOOL DISTRICT,
STSD, ROBERT SHAW

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-2297)
District Judge: Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2007

Before: MCKEE and AMBRO, Circuit Judges, and MICHEL,[*] Chief Circuit Judge.

(Filed: April 24, 2007)

OPINION OF THE COURT

MICHEL, Chief Circuit Judge

---

[*] Hon. Paul R. Michel, Chief Judge of the United States Court of Appeals for the
Federal Circuit, sitting by designation.

Appellants Frank and Marie Allen (collectively "the Allens") appeal the grant of summary judgment in favor of the Susquehanna Township School District ("STSD") on the Allens' causes of action for alleged violations of 42 U.S.C. § 1983 (based on the Due Process Clause of the Fourteenth Amendment of the United States Constitution); the Individuals with Disabilities Education Act ("IDEA"); Section 504 of the Rehabilitation Act; and the Americans with Disabilities Act ("ADA"). The district court found that because (1) the state-created danger and special relationship exceptions for due process violations under the Fourteenth Amendment were not satisfied and (2) there was no evidence that the STSD had violated IDEA, § 504, or the ADA, no reasonable jury could find in favor of the Allens. We will affirm.

I.

Because the parties are familiar with the factual and procedural history of this case, we only set forth those facts pertinent to our analysis. Foster Care Coordinator Terri Robinson placed Jaquan Rakeem Allen ("Jaquan") in foster care with Marie Allen (his biological aunt), her husband Frank Allen, and Patrice (Jaquan's biological sister). The Allens adopted Jaquan on February 26, 2002. After Jaquan moved in with the Allens, he attended Thomas E. Holtzman Elementary School in the STSD. The school district developed an Individualized Education Program ("IEP") for Jaquan and periodically adjusted it to meet his changing needs. For example, Jaquan initially required full-time emotional support at Holtzman. In August 2002, his emotional support level was reduced

2

to a part-time requirement, and in April 2003, it was further reduced to a resource level requirement.

On October 20, 2003, eleven year-old Jaquan and another male student, minor J.G., attended work room in a trailer adjacent to the main building. Jaquan was supposed to return to his emotional support classroom with Alanna Viozzi after work room at approximately 1:05 p.m. Instead, Jaquan and J.G. decided to leave school grounds. One student, minor N.J., who was aware of the boys' plan to run away from school, left the work room early and told Ms. Viozzi about the boys' plan. Despite a search by school officials and the police,[1] the missing boys were not found until about 6:00 p.m. when Jaquan was struck and killed by a motor vehicle while attempting to cross Interstate 81 in Harrisburg, Pennsylvania.

On October 19, 2004, the Allens sued STSD for federal claims, see supra, and sued Robert Shaw, the driver of the motor vehicle, for state law claims.[2] On April 21, 2006, the District Court granted summary judgment in favor of STSD on all claims. This timely appeal followed. We have jurisdiction to consider this appeal under 28 U.S.C. § 1291.

II.

We review the District Court's decision to grant summary judgment without deference, applying the same standard as the District Court. Woodside v. Sch. Dist. of

---

[1] The police were not informed that Jaquan was a special needs student.

[2] The District Court dismissed the claims against Shaw for lack of jurisdiction.

Philadelphia Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001) (internal citation omitted). "Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Singletary v. Pennsylvania Dep't of Corrs., 266 F.3d 186, 192 n.2 (3d Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23. As discussed below, the Allens have not adduced any evidence that satisfies at least one element of each of its claims against STSD.

**A.      42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment**

To prevail on a § 1983 civil rights claim, a party must show a deprivation of a constitutional or statutory right by a person acting under color of state law.[3]  42 U.S.C. § 1983; Kneipp by Cusack v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Here, the Allens raise a constitutionally-based § 1983 claim stemming from their allegations that STSD violated the Due Process Clause of the Fourteenth Amendment. In particular, the Allens aver that the "special relationship" and "state-created danger" exceptions to the general rule that states do not have an affirmative duty to protect its citizens from private harms

---

[3]  STSD does not dispute that it was acting under color of state law on the day of Jaquan's death.

by non-state actors, <u>DeShaney v. Winnebago County Dep't of Social Servs.</u>, 489 U.S. 189, 195, 200 (1989), apply to the facts of their case. We disagree.

**1. Special Relationship Exception**

<u>D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.</u>, 972 F.2d 1364 (3d Cir. 1992) (en banc) is controlling here. In <u>D.R. by L.R.</u>, we held that where parents remain the primary caretakers of students and where students are not deprived of access to sources of help, there is no special relationship between the school and students, despite the state's compulsory school attendance laws. 972 F.2d at 1371-72. Like the parents in <u>D.R. by L.R.</u> who maintained custody over the high school students, the Allens, as Jaquan's adoptive parents, maintained custody over Jaquan. In fact, the Allens had more control over Jaquan's education than other parents because they had to approve his special needs educational plan. See <u>D.R. by L.R.</u>, 972 F.2d at 1371 ("In the case of special education students, the parents have even greater involvement since they must approve the precise educational program developed for their child.") (internal citations omitted).

There is no record evidence that STSD physically restrained Jaquan or otherwise impaired his liberty in such a fashion that prevented him from taking care of himself. In fact, as a resource-level student, Jaquan could seek the haven of his emotional support classroom or report school-related problems to his parents. The facts of this case are indistinguishable from <u>D.R. by L.R.</u>, and thus as a matter of law the special relationship

5

exception does not apply.

## 2. State-Created Danger Exception

One requirement of the state-created exception is that "the state actor acted in willful disregard for the safety of the plaintiff." Kneipp, 95 F.3d at 1208. On appeal, the Allens argue that STSD willfully disregarded the safety of Jaquan when it let him go from classroom to classroom without an escort. This argument is inplausible. There is no record evidence that Jaquan required such monitoring as part of his special needs classification or that escorts were prescribed or requested for his educational plan. This is not surprising in view of the fact that Jaquan was not considered a flight risk, as evidenced by the freedom of movement the Allens gave him at home and in the neighborhood. The school cannot willfully disregard the safety of Jaquan by not providing an escort if it is not aware that Jaquan needed one. Cf. Kneipp, 95 F.3d at 1208 (focusing on a police officer's decision to send a conspicuously intoxicated woman home alone despite his awareness of her inebriation as indicia of a willful disregard of the woman's safety).

Next, the Allens point to the IEP objective that Jaquan was to stay in designated areas 80% of the time as evidence of STSD's awareness of Jaquan's propensity to wander away from school, yet all of the record evidence shows that this objective referred to Jaquan's ability to stay on task within the classroom, not to his ability to stay on school premises. The Allens did not proffer any evidence showing that Jaquan, or any other

special needs student similarly classified, had a propensity to leave classroom settings or go to non-designated places outside of the classroom.[4]  Because there is no record evidence that Jaquan required monitoring and no record evidence that Jaquan had a propensity to wander away, it follows that the STSD could not have ignored a known risk or danger to Jaquan by failing to provide him an escort.

### B.    IDEA, § 504 of the Rehabilitation Act, and ADA Claims

Educational agencies may be liable under IDEA for failure to provide a Free Appropriate Public Education ("FAPE").  20 U.S.C. § 1412(a)(1); Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 9 (1993).  The Allens assert that STSD violated IDEA by not providing Jaquan with a safe education, i.e., an escort from classroom to classroom. The Allens never requested an escort for Jaquan, and the school district was not aware he needed one.  Instead, the undisputed evidence shows that Jaquan was safe under his special education program up until the time of his death.  Therefore, the Allens have failed to provide any proof that Jaquan's education was inappropriate in violation of the IDEA.

---

[4]  As evidence of Jaquan's tendency to roam away from the classroom, Mrs. Allen testified that Ms. Viozzi told her that she had placed Jaquan in the hallway for something he had done in the classroom.  Joint App. 324 at 77:21-22.  Drawing all inferences in favor of the Allens, this testimony is evidence that Jaquan was placed in the hallway, not evidence that Jaquan entered the hallway without permission.  Similarly, Terri Robinson testified about Ms. Viozzi's competence as a special needs instructor, but Ms. Robinson's professional involvement with Jaquan and his educational program ceased in 2002 when he was adopted, long before the incident in question. We further note that Jaquan did not run away from school while he was in Ms. Viozzi's classroom.

As to § 504 , one of the elements a plaintiff must show is that a student was "excluded from participation in, denied the benefits of, or subject to discrimination at, the school."  Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 253 (3d Cir. 1999). The ADA extends the nondiscrimination rule of § 504 to services provided by any public entity, regardless of whether that entity receives federal funds.  Here, there is no record evidence that STSD discriminated against Jaquan, excluded him from school, or otherwise mistreated him because of his emotional disability.  The evidentiary record does not show that STSD's failure to provide Jaquan an escort was a denial of a benefit to which he was entitled, for no one requested or prescribed an escort for him.  Therefore, because the Allens have proffered no evidence of an essential element for their case, their § 504 and ADA claims cannot survive summary judgment.

For the reasons set forth above, we will affirm the District Court's grant of summary judgment in favor of STSD.